AF Approval _____          Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          CASE NO. 8:18-cr-110-T-33CPT

TRAVELL KINKAY JONES

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, Travell Kinkay Jones, and the attorney for the

defendant, Paul D. Petruzzi, mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment.  Count One charges the defendant with conspiracy to distribute

and possess with intent to distribute a kilogram or more of a mixture and

substance containing heroin and four-hundred grams or more of a mixture and

substance containing fentanyl, both controlled substances, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(A)(i), (vi).

Defendant's Initials _____

2.     Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 10 years and a maximum term of life imprisonment, a fine of up to $10,000,000, a term of supervised release of at least 5 years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.     *Alleyne v. United States* and *Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The defendant knowingly and willfully joined in a conspiracy involving one kilogram or more of heroin and four-hundred grams or more of fentanyl.

Defendant's Initials ____     2

4.   Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:   That two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess with intent to distribute or distribute heroin or fentanyl; and

Second:   The defendant knew the unlawful purpose of the plan and willfully joined in it.

5.   Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Count Five, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials  ____            3

7.      Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.      Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials ⟨?⟩          4

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.   Concurrent Sentence

The United States and the defendant agree that, although not binding on the United States Probation Office or the Court, they will jointly recommend that the sentence imposed in the instant case run concurrent to any sentence the defendant receives in *United States v. Travell Jones*, Case No. 9:18-cr-80076, which is currently pending in the Southern District of Florida.

10.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of

Defendant's Initials ___TT___          5

the United States, the defendant or defendant's nominees.  The assets to be

forfeited specifically include, but are not limited to, the proceeds the

Defendant obtained as a result of the offense charged in Count One, which

will be determined at sentencing.  The defendant acknowledges and agrees

that:  (1) the defendant obtained proceeds as a result of the commission of the

offense, and (2) as a result of the acts and omissions of the defendant, the

proceeds have been transferred to third parties and cannot be located by the

United States upon the exercise of due diligence.  Therefore, the defendant

agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to

forfeit any other property of the defendant (substitute assets), up to the amount

of proceeds the defendant obtained, as the result of the offense of conviction.

The defendant further consents to, and agrees not to oppose, any motion for

substitute assets filed by the United States up to the amount of proceeds

obtained from commission of the offense.  The defendant agrees that forfeiture

of substitute assets as authorized herein shall not be deemed an alteration of

the defendant's sentence.

       The defendant also agrees to waive all constitutional, statutory,

and procedural challenges (including direct appeal, habeas corpus, or any

other means) to any forfeiture carried out in accordance with this Plea

Agreement on any grounds, including that the forfeiture described herein

Defendant's Initials ___TT___      6

constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after

Defendant's Initials _____       7

sentencing, regarding such assets.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing.  In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials _____        8

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.**   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing

Defendant's Initials ⟨ʃʃ⟩                    9

other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),

including, but not limited to, garnishment and execution, pursuant to the

Mandatory Victims Restitution Act, in order to ensure that the defendant's

restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court

shall impose a special assessment pursuant to 18 U.S.C. § 3013.  To ensure

that this obligation is satisfied, the Defendant agrees to deliver a check or

money order to the Clerk of the Court in the amount of $100.00, payable to

"Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no

limitation as to fine.

2.      Supervised Release

The defendant understands that the offense(s) to which the

defendant is pleading provide(s) for imposition of a term of supervised release

upon release from imprisonment, and that, if the defendant should violate the

conditions of release, the defendant would be subject to a further term of

imprisonment.

3.      Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon

conviction, a defendant who is not a United States citizen may be removed

Defendant's Initials ⟍⟍⟍                    10

from the United States, denied citizenship, and denied admission to the United States in the future.

### 4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

### 5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including

Defendant's Initials ⟨J⟩          11

those held by a spouse, dependent, nominee or other third party. The
defendant further agrees to execute any documents requested by the United
States needed to obtain from any third parties any records of assets owned by
the defendant, directly or through a nominee, and, by the execution of this
Plea Agreement, consents to the release of the defendant's tax returns for the
previous five years. The defendant similarly agrees and authorizes the United
States Attorney's Office to provide to, and obtain from, the United States
Probation Office, the financial affidavit, any of the defendant's federal, state,
and local tax returns, bank records and any other financial information
concerning the defendant, for the purpose of making any recommendations to
the Court and for collecting any assessments, fines, restitution, or forfeiture
ordered by the Court. The defendant expressly authorizes the United States
Attorney's Office to obtain current credit reports in order to evaluate the
defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to
nor bound by this agreement. The Court may accept or reject the agreement,
or defer a decision until it has had an opportunity to consider the presentence
report prepared by the United States Probation Office. The defendant
understands and acknowledges that, although the parties are permitted to

Defendant's Initials _____        12

make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    Defendant's Waiver of Right to Appeal the Sentence

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

Defendant's Initials _____      13

the ground that the sentence violates the Eighth Amendment to the

Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

defendant is released from his waiver and may appeal the sentence as

authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other

prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or

in camera, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon

any discussions between the attorney for the government and the defendant

and defendant's attorney and without promise of benefit of any kind (other

Defendant's Initials  ⟨⟨⟨          14

than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are

Defendant's Initials _____                    15

felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

Beginning at least as early as in or around June 2017, the defendant, Travell Kinkay JONES, was part of a conspiracy to distribute heroin and fentanyl in the Tampa area. Codefendant Anthony Lang sold narcotics out of his residence in Tampa and received the same from JONES, who lived in the West Palm Beach area.

On June 15, 2017, DEA agents intercepted a phone call between Lang and JONES in which the two discuss that the latest heroin JONES brought to Tampa was of poor quality. The next day, agents intercepted another call about the heroin, whereby Lang told JONES that he had about "200 or 250 grams" of heroin on-hand but his "people" said the heroin "ain't no good." In another call on July 1, 2017, Lang reiterated that he had "over 200 grams."

Defendant's Initials _____              16

In the afternoon of October 2, 2017, DEA agents intercepted a call between Lang and Person 1, a heroin user. In the first call, Person said, "I need probably 40 of your wings." A short while later, Person 1 was intercepted telling Lang, "I need to change my order to 60 and a point…." After that call, agents saw Person 1 go to Lang's house, walk inside, and leave shortly thereafter. A traffic stop was conducted on Person 1's vehicle for a traffic violation and, after a positive K-9 alert to the odor of narcotics, agents seized a quantity of heroin wrapped in aluminum foil and a syringe.

On October 5, 2017, DEA agents intercepted two calls between codefendant Vanzini Hansell and Lang indicating that the former was coming to Lang's house. After the second call, Hansell was seen accompanied by codefendant Amber Miller arriving at Lang's house and staying briefly. A traffic stop was conducted and, after another positive K-9 alert to the odor of narcotics, agents found in Miller's purse a quantity of heroin wrapped in aluminum foil. Miller was arrested following the traffic stop and Hansell placed several calls to Lang after the incident. In one of the calls, Hansell told Lang, "They just took everything out that purse."

On October 6, 2017, agents intercepted a call between JONES and Lang in which JONES indicated he would be traveling up to Tampa. At one point in the call, Lang told JONES, "I won't have that much . . .

Defendant's Initials ___TS___               17

yesterday I made a sale to one of my people, then his girl went to jail." This was in reference to the arrest of Amber Miller on October 5. Later that day, in a second intercepted call, JONES and Lang discussed what Lang owed to JONES. In that call, JONES said to Lang, "You owe me 60 grand, man! I gave you 15 good ones and then 16 good ones when my homeboy came back." The wholesale value of a kilogram of heroin in Tampa is approximately $60,000.

On October 7, 2017, cellphone tracking information revealed that Jones traveled from West Palm Beach to Tampa. Law enforcement officers observed JONES arrive at Lang's house in a black 2011 BMW, walk inside with a black duffle bag, and then walk out with the bag appearing to be weighed down. Tampa Police Department officers executed a traffic stop on JONES's BMW for excessive window tint and not heeding the right-of-way. A Florida Highway Patrol K-9 unit conducted an exterior air sniff of the BMW and alerted to the odor of narcotics. A probable cause search of JONES's BMW resulted in the seizure of 420 grams of a mixture and substance containing heroin, fentanyl, and benzyl fentanyl. In a post-*Miranda* statement, JONES admitted to traveling from West Palm Beach to pick up Lang's unsold heroin.

Following this traffic stop, agents intercepted a call between JONES and Lang in which JONES described being involved in an incident with the police. JONES instructed Lang:

> "[D]on't sell nothin' outta there....leave that shit alone, boy. Don't do nothing at that house boy, boy, nothin'...they followed me from your house...they watchin' you!"

Twelve minutes after this call, Lang was intercepted calling his cousin, codefendant Carlton Mallard. In this call, Lang told Mallard that he needed to:

> "[C]ome over there and put that over there about a couple weeks...getting kinda hot around my house...don't let your wife know what's going on...my partner just left and he said they pulled him...[.]"

Mallard responded, "Alright."

At approximately 8:11 pm that evening, agents intercepted another call from Lang to Mallard. During this call, Lang told Mallard that he was "in the front right here." Agents observed Lang's vehicle outside Mallard's house and cellphone location information placed Lang's phone to within sixteen meters of Mallard's house.

On October 11, 2017, DEA agents and Tampa Police Department detectives conducted a search of Mallard's house. Inside the house, Mallard directed the agents to a laundry basket filled with clothing.

Defendant's Initials ___TS___          19

Underneath the clothing in the basket was a black garbage bag with two smaller bags. Inside one bag was 268.8 grams of a mixture and substance containing detectable amounts of heroin, fentanyl, and benzyl fentanyl. Inside the second bag was 277.5 grams of a mixture and substance containing a detectable amount of heroin.

Based on the amounts seized as well as statements made during intercepted calls in June and July of 2017 between JONES and Lang, the total amount of heroin involved in the conspiracy was one kilogram or more, and the total amount of fentanyl was four-hundred grams or more.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 18TH day of MARCH, 2019.

MARIA CHAPA LOPEZ
United States Attorney

Travell Kinkay Jones
Defendant

Daniel M. Baeza
Assistant United States Attorney

Paul D. Petruzzi
Attorney for Defendant

Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime