UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:18-cr-110-VMC-CPT

TRAVELL KINKAY JONES

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Travell Kinkay Jones's pro se Motion for Compassionate Release or for Recommendation for Transfer to Home Confinement (Doc. # 305), filed on April 22, 2021. The United States of America responded on May 11, 2021. (Doc. # 307). For the reasons set forth below, the Motion is denied.

**I. Background**

On July 22, 2019, the Court sentenced Jones to 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute a kilogram or more of a mixture containing heroin and 400 grams or more of a mixture containing fentanyl. (Doc. # 217 at 1-2). Jones is forty-four years old and his projected release date from FCI Miami is February 12, 2027. (Doc. # 307 at 1).

In the Motion, Jones seeks compassionate release from prison under Section 3582(c)(1)(A)(i), as amended by the

1

First Step Act, because of his medical conditions, which include being a former smoker, prostate issues, and symptoms related to his previous COVID-19 diagnosis. (Doc. # 305 at 2-3). Additionally, Jones requests that the Court grant him home confinement. (Id. at 1). The United States has responded (Doc. # 307), and the Motion is now ripe for review.

## II. Discussion

The Court will begin by addressing Jones's request to be granted or recommended for home confinement, followed by his request for compassionate release.

### A. Home Confinement

To the extent that the Motion requests that the Court grant him home confinement, it must be denied. The Court has no authority to direct the Bureau of Prisons ("BOP") to place Jones on home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (per curiam) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A

2

sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Jones's request to be placed on home confinement falls outside Section 3582(c)'s grant of authority, and the Motion is denied as to this requested relief. For similar reasons, the Court also declines to recommend to the BOP that Jones be placed on home confinement. See United States v. Phillips, No. 13-cr-80230-BLOOM, 2020 WL 1033400, at *2 (S.D. Fla. Mar. 2, 2020) ("With regard to the request for a recommendation for placement in home confinement in the instant case, Defendant may submit a request for such placement to the BOP, and the Court 'will leave the decision about Defendant's eligibility up to the [BOP], which will be in the best position to determine whether Defendant's adjustment . . . demonstrates his suitability for home confinement.'" (citation omitted)).

### B. **Compassionate Release**

The United States argues that the Motion for Compassionate Release should be denied because Jones "has not

identified extraordinary and compelling reasons for compassionate release." (Doc. # 307 at 4). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Jones argues his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States concedes that Jones has exhausted his administrative remedies. See (Doc. # 307 at 4

4

("[T]he United States does not dispute that this motion can be resolved on the merits.")). Even assuming that Jones has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Jones bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Jones cites to being a former smoker, which he avers "puts him at serious risk of suffering serious complications should he [contract] COVID-19 . . . again," as well as his prostate issues and residual symptoms from his first bout with COVID-19, which include chronic headaches and shortness of breath. (Doc. # 305 at 2-3). However, Jones has not demonstrated that these constitute serious medical conditions that substantially diminish his ability to care for himself in his facility. <u>See</u> USSG § 1B1.13, comment. (n.1); <u>see</u> <u>also</u> <u>United States v. Chavez</u>, 3:07-cr-145-MCR, 2021 WL 534759, at *1-2 (N.D. Fla. Feb. 12, 2021) (denying an inmate's request for compassionate release although he was a former smoker and had previously tested positive for COVID-19); <u>United States v. Doobay</u>, No. 3:16-cr-122-TJC-MCR, 2020 WL 5749921, at *1-2 (M.D. Fla. Sept. 25, 2020) (denying a defendant's motion for compassionate release who suffered from an enlarged prostate, high blood pressure, and asthma); <u>United States v. Jones</u>, No. 8:07-cr-9-JDW-TGW, 2021 WL 2109147, at *1 (M.D. Fla. May 25, 2021) ("[Defendant] asserts that he tested positive for COVID-19 on January 9, 2021, and has since experienced shortness of breath[ and] fatigue. . . . However, his assertions do not entitle him to compassionate release." (internal quotation marks and citation omitted)).

To the contrary, Jones's medical records indicate that his enlarged prostate is being treated with medication, and he no longer has COVID-19. (Doc. # 305-1 at 3-4). And, even if the Court could consider "other reasons," Jones has not established extraordinary and compelling circumstances warranting compassionate release.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. The nature and circumstances of this case involved a "conspiracy to distribute heroin and fentanyl in the Tampa area." (Doc. # 181 at 16). "[T]he total amount of heroin . . . was one kilogram or more, and the total amount of fentanyl was four-hundred grams or more." (Id. at 20). While the Court commends Jones for his rehabilitation efforts and good conduct in prison, he still has over five years of his sentence remaining, and the Court finds that the need for deterrence weighs against release at this time. (Doc. # 305 at 5-6; Doc. # 307 at 1). Therefore, the Motion is denied to the extent it seeks compassionate release as well.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Travell Kinkay Jones's pro se Motion for Compassionate Release or for Judicial Recommendation for Transfer to Home Confinement (Doc. # 305) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of July, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE