UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:18-cr-110-VMC-CPT

TRAVELL KINKAY JONES.

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Travell Kinkay Jones's pro se Motion to Revoke Home Detention and Enroll to Probation (Doc. # 333), filed on June 4, 2024. The United States of America responded on June 18, 2024. (Doc. # 335). For the reasons that follow, the Motion is denied.

## Discussion

On July 22, 2019, the Court sentenced Mr. Jones to 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute a kilogram or more of a mixture containing heroin and 400 grams or more of a mixture containing fentanyl. (Doc. # 217 at 1-2). His sentence was later reduced to 115 months and 25 days of imprisonment. (Doc. # 321 at 2). Mr. Jones is scheduled to complete his sentence on October 28, 2025, at which time he will begin a period of supervised release. (Doc. # 321 at 3); (Doc. # 335 at 1).

1

Mr. Jones is currently serving his sentence in home confinement. (Doc. # 333 at 1); (Doc. # 335 at 1). In his Motion, Mr. Jones requests that the Court terminate his home confinement early and release him to probation for supervised release. (Doc. # 333 at 1). In doing so, the Court would be required to enter an amended judgment reducing Mr. Jones's sentence to time-served. See (Doc. # 335 at 2) ("To terminate [home confinement] and transition to a probationary status would require the Court to enter an amended judgment reducing his sentence to time-served.").

Mr. Jones raises several arguments in favor of early termination of home confinement. He states that he has been significantly rehabilitated, including by completing over half of his time in home confinement without any disciplinary action. (Doc. # 333 at 1). He has also maintained a job during over one year of home confinement. (Id.). Mr. Jones also asserts that home confinement limits his employment options because he is "only allowed to do certain low paying jobs" while under the Cares Act. (Id. at 2). In particular, he highlights that he is unable to attend CDL school or pursue a career in cosmetology. (Id.).

Mr. Jones also explains that he has several health issues, including borderline kidney disease, high blood

pressure, and asthma, and states that the Bureau of Prisons ("BOP") has recently declined to pay for several medical tests and procedures. (Id. at 2-3). Accordingly, he believes that transitioning to supervised release would reduce his out-of-pocket medical expenses. (Id.). He also states that home confinement has made it difficult for him to attend his medical appointments. (Id. at 2).

After a federal court imposes a sentence, the BOP is responsible for determining where an inmate is incarcerated to serve the sentence. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. . . . But decisionmaking authority rests with the BOP." (citation omitted)). Therefore, the BOP is the appropriate entity to determine where Mr. Jones serves the remainder of his sentence.

Further, a "district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). Mr. Jones has not provided justification to amend his sentence to time-served. The BOP has not requested

3

that the Court modify his sentence. Mr. Jones has not provided substantial assistance to the government that would warrant a reduction in his sentence. And, while Mr. Jones argues that financial and health reasons warrant granting his Motion, this evidence does not provide extraordinary and compelling reasons to reduce his sentence.

The Court commends Mr. Jones for his rehabilitation efforts and continued good conduct. However, early termination of home confinement and transition to supervised release is not appropriate at this time.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Travell Kinkay Jones's pro se Motion to Revoke Home Detention and Enroll to Probation (Doc. # 333) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of June, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE